UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2021

SEAN F. McAVOY, CLERK

| | |
|---|---|
| RUTH ANN CONDE CHEESMAN, and ROY D. CHEESMAN, <br><br>    Plaintiffs, <br><br>    v. <br><br>TABITHA A. SNYDER, <br><br>    Defendant. | No. 1:18-CV-03013-SAB <br><br><br> **ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 84. The motion was heard without oral argument. Plaintiffs are representing themselves in this matter. Defendant is represented by Jacob Brooks.

In support of her motion for summary judgment, Defendant argues that she is entitled to qualified immunity because no constitutional violation occurred, and if there was a constitutional violation, she is entitled to qualified immunity because (1) a Washington State statute explicitly provides that a Child Protective Services ("CPS") social worker may authorize medical examinations within the 72 hours a child can be held before a shelter care hearing is required, and (2) Ninth Circuit cases that have held parental notification and/or court order was necessary before a child can be taken for a medical examination involved dramatically different factual scenarios and would not put a reasonable official on notice she was violating Plaintiffs' rights by acting as she did in this case.

**Facts**

In its previous Order granting, in part, and denying, in part, Defendants' Motion for Summary Judgment, ECF No. 53, the Court set forth the applicable

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

facts and will not recite them in detail. The surviving claim asserted against Defendant Snyder involves her decision to take Plaintiffs' children to the emergency room for a physical examination without first consulting the parents or letting the parents be present in the exam room.

## Qualified Immunity

Defendant is entitled to qualified immunity if, resolving all disputes of fact and credibility in favor of the party asserting the injury, (1) the facts adduced show that Defendant's conduct did not violate a constitutional right, or (2) the right was not clearly established at the time of the violation. *Demaree v. Pederson*, 887 F.3d 870, 878 (9th Cir. 2018) (quotation omitted) (describing the two-pronged test of *Saucier v. Katz*, 533 U.S. 194 (2001)). The Court may begin its analysis with either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 792 (9th Cir. 2016) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). To meet this standard, existing precedent must be "particularized" to the facts of the case, as "immunity protects all but the plainly incompetent or those who knowingly violate the law." *White v. Pauly*, __ U.S. __, 137 S. Ct. 548, 551–52 (2017) (internal quotation marks and citation omitted).

"The purpose of this doctrine is to recognize that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties." *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). While social workers have absolute immunity when they make "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents," they have no such immunity for actions taken while conducting investigations. *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908-09 (9th Cir. 2008).

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

## Clearly Established Constitutional Rights

In 2000, the Ninth Circuit made the following observations:

The right to family association includes the right of parents to make important medical decisions for their children, and of children to have those decisions made by their parents rather than the state. *See Parham v. J.R.*, 442 U.S. 584, 602 (1979) (holding that it is in the interest of both parents and children that parents have ultimate authority to make medical decisions for their children unless "neutral fact finder" determines, through due process hearing, that parent is not acting in child's best interests); *see also Calabretta v. Floyd*, 189 F.3d 808 (9th Cir. 1999) (holding that "[t]he government's interest in the welfare of children embraces not only protecting children from physical abuse, but also protecting children's interest in the privacy and dignity of their homes and in the lawfully exercised authority of their parents."). We agree with the Second Circuit which held, in *van Emrik v. Chemung County Dept. of Social Servs.*, that the "Constitution assures parents that, in the absence of parental consent, [physical examinations] of their child may not be undertaken for investigative purposes at the behest of state officials unless a judicial officer has determined, upon notice to the parents, and an opportunity to be heard, that grounds for such an examination exist and that the administration of the procedure is reasonable under all the circumstances." 911 F.2d 863, 867 (2nd Cir. 1990). Barring a reasonable concern that material physical evidence might dissipate, *see Schmerber v. State of Cal.*, 384 U.S. 757, 770, or that some urgent medical problem exists requiring immediate attention, the state is required to notify parents and to obtain judicial approval before children are subjected to investigatory physical examinations.

Moreover, parents have a right arising from the liberty interest in family association to be with their children while they are receiving medical attention (or to be in a waiting room or other nearby area if there is a valid reason for excluding them while all or a part of the medical procedure is being conducted). Likewise, children have a corresponding right to the love, comfort, and reassurance of their parents while they are undergoing medical procedures, including examinations—particularly those, such as here, that are invasive or upsetting. The interest in family association is particularly compelling at such times, in part because of the possibility that a need to make medical decisions will arise, and in part because of the family's right to be together during such difficult and often traumatic events.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

*Wallis v. Spencer*, 202 F.3d 1126, 1141-42 (9th Cir. 2000).

In a footnote, the *Wallis* court noted:

We note that the claims of each family member must be assessed separately. Here, nothing in the record before us suggests that Becky Wallis was anything other than a fit and loving mother. As the Third Circuit recently held, a state has no interest whatever in protecting children from parents unless it has some reasonable evidence that the parent is unfit and the child is in imminent danger. *Croft*, 103 F.3d at 1125. The government may not, consistent with the Constitution, interpose itself between a fit parent and her children simply because of the conduct—real or imagined—of the other parent.

*Id.* at 1142, n.14.

### Discussion

Defendant argues that because a Washington statute authorizes a medical examination, no constitutional violations occurred. The Court disagrees. The statute in question provides for "routine medical and dental examination and care, and all necessary emergency care." Wash. Rev. Code § 13.34.060. The record is clear that the purpose of the examination was for investigatory purposes, not for routine medical and examination care.

Defendant asserts she did not notify Plaintiff Ruth Ann Cheesman because she believed Plaintiff did not show any willingness to protect her children from Plaintiff Roy Cheesman's abuse. Whether her decision to not notify Plaintiffs was reasonable or justified because of exigent circumstances is for the jury to decide.

Moreover, it is immaterial that less egregious procedures than those identified in *Wallis* were used during the examination of Plaintiffs' children. *See Mann v. Cty. of San Diego*, 907 F.3d 1154, 1160-61 (9th Cir. 2018) ("A parent's due process right to notice and consent is not dependent on the particular procedures involved in the examination, or the environment in which the examinations occur, or whether the procedure is invasive, or whether the child

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

demonstrably protests the examinations. Nothing in *Wallis* or *Greene* suggests that the Fourteenth Amendment liberty interest only applies when a magnifying scope is used. (quotation omitted) The amount of trauma associated with a medical examination, particularly for young children, is difficult to quantify and depends upon the child's developmental level, previous trauma exposure, and available supportive resources, among other factors. Given this reality, a parent's right to notice and consent is an essential protection for the child and the parent, no matter what procedures are used.").

Defendant is not entitled to qualified immunity because at the time of the incident in question, it was clearly established a state official violates a parents' Fourteenth Amendment substantive due process rights when it causes medical examinations to be performed without notifying the parents about the examinations and without obtaining either the parents' consent or judicial authorization.

### Mediation

In September 2020, the Court struck the November 16, 2020 trial date due to the pending Motion for Summary Judgment and COVID-19 restrictions on jury trials. Those restrictions continue to exist. Before the Court sets a trial date, it will order that the parties participate in mediation. The parties can select their own mediator, or they can use a magistrate judge or other district court judges in the Eastern District of Washington. Within two weeks from the date of this Order, the parties shall file a status certificate with the Court indicating which option they have decided to use.

//

//

//

//

//

//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 84, is **DENIED**.

2. The parties are **ordered** to participate in mediation. Within ten (10) days from the date of this Order, the parties shall file a joint status certificate indicating their plan and schedule for mediating this matter.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to Plaintiffs and counsel.

**DATED** this 27th day of January 2021.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6