FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| RUTH ANN CONDE CHEESMAN and ROY CHEESMAN, <br><br> Plaintiff, <br><br> v. <br><br> TABITHA A. SNYDER, <br><br> Defendant. | No. 1:18-CV-03013-SAB <br><br><br> **ORDER RE: PENDING MOTIONS** |

Before the Court are Plaintiffs' Motion for Judgment as a Matter of Law, ECF No. 163, Defendant's Motion for Clarification of the Court's Pretrial Rulings, ECF No. 164, and Defendant's Motion for Judgment as Matter of Law as to Punitive Damages, ECF No. 166. Plaintiffs are represented by Michael Love and Robert Greer. Defendant is represented by Stephen Garvin and Jacob Brooks.

The issue presented in this case was whether Defendant Tabitha Snyder violated Plaintiffs' constitutional rights when Defendant took their children to the hospital for a medical examination without their permission or court order prior to the examination and did not permit them to be in the room or nearby while their children were examined.

Ninth Circuit precedent is clear that before the state can take children to a hospital for a medical examination, it must obtain parental permission, and if that is not available, obtain a court order. *See Mann v. Cnty. of San Diego*, 907 F.3d

**ORDER RE: PENDING MOTIONS** ~ 1

1154, 1162 (9th Cir. 2018); *Spencer v. Wallis*, 202 F.3d 1126, 1142 (9th Cir. 2000). An exception to this rule exists if there is an urgent medical problem requiring immediate attention or reasonable concern that material physical evidence might dissipate. *Mann*, 907 F.3d at 1163 ("Where parental notice and consent are not possible . . . [i]n an emergency medical situation the County may proceed with medically necessary procedures without parental notice or consent to protect the child's health."). Based on the record established through motion practice, it was undisputed that Defendant did not seek permission from Plaintiffs or a court order prior to the examination and did not allow the Plaintiffs to be present or nearby during the examination. Thus, it became clear to the Court that the only issue the jury would need to hear to determine liability would be whether there was an urgent medical problem requiring immediate attention or a reasonable concern that material physical evidence might dissipate. Whether Plaintiff Roy Cheesman abused his children was not before the jury and was not relevant to the question of whether Defendant Snyder violated Plaintiffs' constitutional rights.

Thus, the case was not about Defendant's decision to take the children to the medical examination. The U.S. Constitution permits the state to do so, but only if certain requirements are met. The question presented by Plaintiffs' claim, then, was whether Defendant followed those requirements.

It became apparent to the Court that Defendant intended to defend this case by arguing that she acted reasonably when she brought the children to the medical examination. It also became clear to the Court that Defendant intended to argue to the jury that she acted reasonably because she suspected Plaintiffs of abusing their children. Defendant's theory came into focus beginning with her Motions in Limine. Notably, Defendant sought to admit evidence that Plaintiff Roy Cheesman was a vexatious litigant, which, it goes without saying, had nothing to do with whether Defendant violated his constitutional rights. Additionally, Defendant sought to challenge Plaintiff Ruth Conde Cheesman's credibility as a witness by

**ORDER RE: PENDING MOTIONS ~ 2**

introducing evidence of domestic violence between Plaintiffs. At the January 18, 2023 pretrial conference, defense counsel explained that Defendant intended to introduce the evidence that Mrs. Cheesman had a history of complying with her husband's demands, falsifying statements to law enforcement and to CPS as demanded by him. Counsel suggested that because of this Mrs. Cheesman was not able to speak her own mind, and instead she was someone who is subject to manipulation and control by Mr. Cheesman. The Court rules that this was not relevant.

At the pretrial hearing, the Court was explicit about what this case was about. It noted that it was not about the school district's history of conflict with the Cheesman family, not about the law enforcement investigation regarding the Cheesmans in 2016 and not about the investigation of the Cheesmans by Child Protective Services. Moreover, the question was not whether Defendant Snyder should have taken the children to the medical examination, but whether Defendant Snyder followed the requirements of the constitution as set forth in *Wallis v. Spencer*.

For this reason, the Court denied Defendant's Motion for Clarification of the Court's Pretrial Ruling, ECF No. 164. Defendant had sought to introduce evidence to show that probable cause existed to take Plaintiffs' children into protective custody. Defendant argued that the proffered evidence was necessary to evaluate the conclusions and actions of Defendant and especially to Defendant's state of mind.

At the pretrial hearing on January 30, 2023, the Court addressed Defendant's request for clarification. Defendant again indicated that she wanted to present testimony from Detective Margheim, Detective Shull, and Defendant as to why they decided they needed an exam and the Court again reiterated that this was not at issue. Instead, the issue was why Defendant did not follow the rules when she obtained the medical examination.

**ORDER RE: PENDING MOTIONS ~ 3**

      Jury selection began on January 30, 2023. In Defendant's opening statement, counsel told the jury that the reason Defendant had custody of Plaintiffs' children is because the Ellensburg police department had conducted an investigation and had determined, as they are able to do under the law of Washington, to place all three of the children into protective custody. And after the children are placed into protective custody, they are turned over to Child Protective Services and Defendant Snyder. He argued that the medical examinations were justified because Defendant suspected that Plaintiffs' youngest child had been subjected to physical abuse. Counsel talked about interviews of Plaintiffs' children and what the children said, suggesting that they had reported that they were subject to physical abuse.

      During Plaintiffs' case in chief in which Plaintiffs put Defendant on the stand and during Mr. Garvin's cross-examination of Defendant, Plaintiffs moved for a mistrial because of counsel's continued attempts to elicit testimony regarding the children's alleged physical abuse. The Court took the motion under advisement. Defendant continued to elicit testimony regarding the alleged physical abuse of Plaintiffs' children, including asking to admit Exhibit 201, which is a report that has a box checked that indicates probable cause existed regarding the neglect of a child. The Court did not permit the document to be admitted, finding that it was unduly prejudicial and was not relevant to the issue the jury needed to decide.

      In an effort to prevent a mistrial, the Court gave three curative instructions to the jury at the start of the second day over Defendant's objections. The Court instructed the jury that the audio recording of an interview of Plaintiffs' youngest children, in which Defendant participated, was not conducted in a legal manner, given that the only consent obtained to record the interview was from a five-year old and the child was not given the opportunity to have her mother present. Notably, at no time did anyone suspect or allege that Mrs. Cheesman physically abused her children. The Court also struck any reference or testimony regarding

**ORDER RE: PENDING MOTIONS ~ 4**

the interviews of the other children. The Court concluded that this information was improperly introduced to the jury and would cause jury confusion because the issue before the jury was not whether the medical examination was proper. Rather, the issue before the jury was whether there was an urgent medical problem requiring immediate attention or whether reasonable concern that material physical evidence might dissipate. The Court denied Plaintiffs' oral motion for mistrial.

The Court notes that even though testimony was elicited as to why Defendant believed the examine was necessary, there was no testimony as to why Defendant did not ask Plaintiffs for their permission and why she did not allow them to be present during the examination. Moreover, there was no evidence introduced regarding any perceived medical problem that required immediate attention, other than that Defendant suspected that Plaintiffs' children had been physically abused in the past. As the Court understood Defendant's argument, the fact that they suspected child abuse created an urgent medical problem that required immediate attention and created a reasonable concern that material physical evidence might dissipate. Based on Ninth Circuit precedent, however, the bruises on the younger child, as well as concern that the children had been physically abused in the past are not urgent medical problems requiring immediate attention. *See Mann*, 907 F.3d at 1163 (noting that there was no need for examine to preserve evidence where the County had already photographed the red mark on the child's back and bruise on another child's forehead and no medically necessary procedures were required). Similarly, it is undisputed that photographs were taken of the five-year old's black eye and under *Mann* this eliminates any concern that the evidence might dissipate. *Id.*

For these reasons, the Court granted Plaintiffs' Motion for Judgment as a Matter of Law, ECF No. 163. Specifically, the Court found that a reasonable jury would not have a legally sufficient evidentiary basis to find that an urgent medical problem required immediate attention or that there was reasonable concern the

**ORDER RE: PENDING MOTIONS ~ 5**

evidence would dissipate.

Finally, the Court found that a reasonable jury had a legally sufficient evidentiary basis to award punitive damages and denied Defendant's Motion for Judgment as a Matter of Law on Punitive Damages.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' oral Motion for Mistrial is **DENIED**.

2. Plaintiffs' Motion for Judgment as a Matter of Law, ECF No. 163, is **GRANTED**.

3. Defendant's Motion for Clarification of the Court's Pretrial Rulings, ECF No. 164, is **GRANTED**.

4. Defendant's Motion for Judgment as a Matter of Law as to Punitive Damages, ECF No. 166, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of February 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: PENDING MOTIONS ~ 6**